The STATE of Texas ex rel. Tim CURRY, Criminal District Attorney of Tarrant County, Texas, Relator,

v.

Hon. Pete GILFEATHER, Judge County Criminal Court No. 10 Tarrant County, Texas, Respondent.

No. 2–96–259–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 5, 1996.

Rehearing Overruled Jan. 16, 1997.

Tim Curry, Criminal District Attorney; and Charles M. Mallin, Assistant District Attorney, Fort Worth, for relator.

Michael Logan Ware, Fort Worth, for respondent.

Elizabeth A. Berry, Fort Worth, for real party.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

The issue in this mandamus proceeding is whether Respondent the Honorable Pete Gilfeather, Judge of County Criminal Court No. 10 of Tarrant County, Texas, has jurisdiction to grant an occupational driver's license to a defendant who has a DWI case pending in that court, but who has not yet been convicted of DWI. Because we find Respondent did not have jurisdiction over this matter, we hold his order granting the occupational driver's license void. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

On July 19, 1996, the real party in interest, Cortne Lee Kent, was arrested and charged with driving while intoxicated. On September 10, 1996, Kent's license was automatically suspended for ninety days because the Department of Public Safety found that Kent refused to give a required breath specimen. *See* TEX.TRANSP.CODE ANN. § 724.035 (Vernon Pamph.1997). Kent did not appeal the Department's decision to an administrative law judge as permitted under the Texas Transportation Code, Chapter 724. *See id.* § 724.041. Instead, she filed an application for an occupational driver's license in County Criminal Court No. 10, the court where her DWI case is pending. *See id.* § 521.241(a). At the hearing on her application, the State argued that County Criminal Court No. 10 did not have jurisdiction to grant an occupational driver's license. Respondent found he had jurisdiction and ordered the Texas Department of Public Safety to issue Kent an occupational driver's license. The State then filed this mandamus action. We granted

temporary relief, requested a reply, and set the matter for submission.

## THE PARTIES' CONTENTIONS

Relator's position is that an application for an occupational driver's license is a civil matter and Respondent does not have civil jurisdiction. Respondent and Kent maintain that an application for an occupational driver's license is not necessarily a civil or criminal matter and that because it is so interrelated with the criminal offense out of which it arose, it belongs in the court where the criminal offense is pending.

## STANDARD OF REVIEW

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839; *Johnson*, 700 S.W.2d at 917. If a trial court does not have jurisdiction to enter an order, it is void; mandamus is an appropriate remedy, and a relator does not need to demonstrate it has no adequate remedy by appeal. *Gem Vending, Inc. v. Walker*, 918 S.W.2d 656, 658 (Tex.App.—Fort Worth 1996, orig. proceeding).

## JURISDICTION OF COUNTY CRIMINAL COURT NO. 10

Kent requested that Respondent grant an occupational driver's license under section 521.242(a) of the Transportation Code. The pertinent portions of this section provide:

§ 521.242. Petition

(a) A person whose license has been suspended for a cause *other than … a conviction under Section 49.04 or 49.07* [DWI, Intoxication Assault], Penal Code, may ap-

ply for an occupational license by filing a verified petition with the judge of the county court or district court *with jurisdiction* in the county in which:

(1) the person resides; or

(2) the offense occurred for which the license was suspended.

(b) A person may apply for an occupational license by filing a verified petition *only* with the judge of the county court or district court *in which the person was convicted* if:

(1) the person's license has been suspended for a conviction under Section 49.04 or 49.07 [DWI, Intoxication Assault], Penal Code....

TEX.TRANSP.CODE ANN. § 521.242 (Vernon Pamph.1997) (emphasis supplied).

■ Relator acknowledges that if Kent had already been convicted of DWI, Respondent would have exclusive jurisdiction to grant an occupational driver's license under subsection (b) of this statute. *Id.* § 521.242(b). However, Relator contends Kent may not seek an occupational license under subsection (a) because County Criminal Court No. 10 does not have *civil* jurisdiction, and an application for an occupational driver's license is a civil proceeding. Relator claims Respondent did not have jurisdiction because a driver's license suspension is a civil matter under section 724.048(a)(1) of the Transportation Code, and County Criminal Court No. 10 only has *criminal* jurisdiction under the following Government Code section:

**§ 25.2223. Tarrant County Criminal Court Provisions**

(a) A county criminal court in Tarrant County has jurisdiction over all criminal matters and causes, original and appellate, prescribed by law for county courts, *but does not have civil jurisdiction.*

TEX.GOV'T CODE ANN. § 25.2223(a) (Vernon 1988) (emphasis supplied).

■ However, Respondent found that when section 521.242(a) is read in conjunction with section 74.094 of the Government Code, jurisdiction over Kent's application for an occupational driver's license is conferred on County Criminal Court No. 10. Section 74.094 reads:

**§ 74.094. Hearing Cases**

(a) A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter.

*Id.* § 74.094(a). Relator argues that section 74.094 is merely a general jurisdictional statute and Respondent is bound by section 25.2223 which is the more specific statute. We agree with Relator and hold that County Criminal Court No. 10 does not have civil jurisdiction.

**IS A PRE–CONVICTION APPLICATION FOR OCCUPATIONAL DRIVER'S LICENSE A CIVIL OR CRIMINAL PROCEEDING?**

The Transportation Code sets out specific procedures a person must follow to challenge a driver's license suspension and to obtain a hearing before an administrative law judge on the issue of whether to suspend the license. *See* TEX.TRANSP.CODE ANN. § 724.041–.048 (Vernon Pamph.1997). That section further provides:

**§ 724.048. Relationship of Administrative Proceeding to Criminal Proceeding**

(a) *The determination of the department* or administrative law judge:

(1) *is a civil matter;*

(2) is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal prosecution.

*Id.* § 724.048(a) (emphasis supplied).

■ Relator argues that since a license suspension proceeding under Chapter 724 of the Transportation Code is a "civil matter," it follows that the Transportation Code's counterpart providing for an occupational driver's license pursuant to section 521.242(a) is likewise a civil matter independent of any matter

in issue in the adjudication of the criminal charge.

Respondent and Kent counter that an action brought pursuant to section 521.242(a) is not an appeal of a license suspension, but is a separate proceeding altogether. They maintain that an action for an occupational driver's license brought under section 521.242(a) is therefore neither civil nor criminal from its inception and is so closely intertwined with the related DWI case that the proper court to litigate the matter is the court where Kent's DWI case is pending, County Criminal Court No. 10.

■ While we agree that an application for an occupational driver's license is by its definition a different and separate proceeding from an appeal of a suspension of a driver's license, we cannot agree that it is criminal in nature. *Cf. State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 392–94 (Tex.Crim.App.1994) (orig. proceeding) (court of appeals' action in staying execution of death row inmate was "criminal law matter" within jurisdiction of Court of Criminal Appeals); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 584–85 (Tex. Crim.App.1993) (orig. proceeding) (objection to assignment of judge in criminal trial was "criminal law matter").

Subsection (b) of the occupational license procedure specifically provides that *after* a person is convicted of DWI the judge of the convicting court has jurisdiction to consider the person's application for an occupational driver's license. TEX.TRANSP.CODE ANN. § 521.242(b) (Vernon Pamph.1997). There is no express designation of jurisdiction with regard to subsection (a) when the application is filed prior to conviction. *Id.* § 521.242(a). The application may be filed "with the judge of the county court or district court with jurisdiction" in the county in which the person resides, or the county in which the offense occurred for which the license was suspended. *Id.* Further, because subsection (a) now authorizes filing the application in either of two counties, it presupposes that the application may be filed in a court other than the court where the DWI case is pending. The legislature could have vested jurisdiction exclusively in the court where the

offense was pending, but did not do so. Limiting jurisdiction of a pre-conviction application to the court where the DWI is pending would render the distinction between the jurisdiction specified in subsections (a) and (b) meaningless.

Therefore, we hold that Kent's pre-conviction application for an occupational driver's license under section 521.242(b) is a civil proceeding unrelated to her pending DWI offense.

## EXCHANGE OF BENCHES

■ Kent also asserts that even if her application for an occupational driver's license is a civil proceeding, County Criminal Court No. 10 had jurisdiction pursuant to section 25.0012 of the Government Code. *See* TEX.GOV'T CODE ANN. § 25.0012 (Vernon 1988). She maintains that if she had filed her application for an occupational driver's license in a county court at law in Tarrant County, under section 25.0012 Respondent could have still granted the occupational license without the case even being transferred to his court. That section provides:

§ 25.0012. **Exchange of Judges in Certain County Courts at Law and County Criminal Courts**

In any county with a population of more than 300,000, the judge of a county criminal court and the judge of a county court at law may hold court for or with one another. The county criminal court has the necessary civil jurisdiction to hold court for the county court at law.

*Id.* Relator responds that this section is not applicable to the instant case because it must be read in conjunction with the Texas Court Administration Act which states:

§ 74.121. **Transfer of Cases; Exchange of Benches**

(a) The judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another without the consent of the judge of the court to which it is trans-

ferred *and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.* The judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case. Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket. *A judge may not sit or act in a case unless it is within the jurisdiction of his court.* Each judgment and order shall be entered in the minutes of the court in which the case is pending.

*Id.* § 74.121(a) (emphasis supplied).

Relator contends that section 74.121 is the prevailing statute because it was passed later in time. *See id.* § 311.025(a) (if statutes enacted at the same session of the legislature are irreconcilable, the statute latest in date of enactment prevails). Sections 74.121 and 25.0012 were both enacted on the same day in 1987 in the same legislative act.[1] However, the legislature specifically provided that the 1987 act was intended as a nonsubstantive codification of existing statutes.[2] Section 25.0012 was originally enacted in 1939 as article 1969a–1 of the Texas Revised Civil Statutes.[3] Section 74.121 was originally enacted in 1985 as article 200a–1 of the Texas Revised Civil Statutes.[4]

Therefore, because section 74.121 was enacted later in time, we agree with Relator that it prevails over section 25.0012 in our determination of Respondent's jurisdiction in the instant case. Section 25.2223 expressly states that a county criminal court in Tarrant County does not have civil jurisdiction. Thus, if Kent had filed her application in a county court at law, section 74.121 would not

permit Respondent to exchange benches with the judge of that court or to accept the transfer of the case from the county court at law.

## CONCLUSION

We conclude that Kent's petition for an occupational driver's license under section 521.242(a) of the Transportation Code is a civil matter. We hold that prior to conviction, only a court having civil jurisdiction may grant an application for an occupational license. Because County Criminal Court No. 10 does not have civil jurisdiction, we hold Respondent did not have jurisdiction to sign the order about which Relator complains. Therefore, the order granting Relator an occupational driver's license is void.

We conditionally grant Relator's petition for writ of mandamus. A writ will issue only if the presiding judge of the County Criminal Court No. 10 fails to vacate its September 16, 1996 order.

**1.** *See* Act of April 30, 1987, 70th Leg., R.S., ch. 148, §§ 2.93(a), 4.01, 1987 Tex.Gen.Laws 534, 590, 613–14.

**2.** *Id.* § 5.01(a), 1987 Tex.Gen.Laws at 706.

**3.** Act of March 24, 1939, 46th Leg., Spec.L., ch. 3, 1939 Tex.Gen.Laws 616, 618, *repealed by* Act

of April 30, 1987, 70th Leg., R.S., ch. 148, § 4.02, 1987 Tex.Gen.Laws 534, 703.

**4.** Act of May 27, 1985, 69th Leg., R.S., ch. 732, § 2, 1985 Tex.Gen.Laws 2533, 2543, *repealed by* Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 2.93, 1987 Tex.Gen.Laws 534, 591.