### In re Jason LOBAN and City of Grapevine, Relators.

No. 2–07–400–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 4, 2008.

Thomas W. McKenzie, Hurst, Michael K. Kallas, Irving, for Relator.

Phillip Andrew Sorrells, Fort Worth, pro se.

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

In a joint petition for writ of mandamus, Relators Jason Loban and the City of Grapevine [1] ask this court to issue a writ of mandamus commanding the Honorable Vincent G. Sprinkle of Tarrant County Court at Law No. 3 to exercise jurisdiction over Loban's appeal from the Grapevine municipal court of record's decision deeming two of Loban's dogs "dangerous animals." The primary issue that we address is whether a statutory vehicle exists authorizing an appeal from a civil judgment entered by a municipal court of record in Tarrant County to a Tarrant County county court at law. Because the plain language of the legislation involved apparently fails to provide any such statutory vehicle, we must deny Relators' joint petition for writ of mandamus.

### II. Factual and Procedural Background

On April 5, 2006, an animal control officer in the City of Grapevine declared two dogs owned by Loban to be dangerous. Two days later, Loban filed a written request for a hearing before the municipal court, as authorized by section 6–34 of the Code of Ordinances of the City of Grapevine. *See* Grapevine, Tex., City Ordinances 6–34 (1979). The Grapevine municipal court of record held a hearing on May 18, 2006, and affirmed the animal control officer's declaration that the two dogs were dangerous animals. Loban filed a motion for new trial, and the Grapevine municipal court of record denied it.

Relators allege that Loban then "tried" to file a notice of appeal "in County Criminal Court No. 10 but was advised by that court that the appeal should be filed in

---

1. Although typically the City of Grapevine would be the real party in interest, in this joint petition for writ of mandamus, which the City of Grapevine signed, the City of Grapevine identifies itself as "Relator" along with Loban and lists the Honorable Judge Phillip Andrew Sorrells as the real party in interest and the Honorable Vincent G. Sprinkle as respondent. For purposes of this original proceeding, we will therefore refer to the City of Grapevine and Loban jointly as "Relators."

County Court at Law." Loban therefore filed his appeal in Tarrant County Court at Law No. 3.

Judge Sprinkle of Tarrant County Court at Law No. 3 subsequently signed an order dismissing Loban's appeal "for failure to file the appeal in the proper court," citing Texas Government Code section 30.00014(a). *See* Tex. Gov't Code Ann. § 30.00014(a) (Vernon 2004 & Supp.2007). Approximately six weeks later, Judge Sprinkle entered an order transferring Loban's appeal to Tarrant County Criminal Court No. 10. According to the allegations in Relators' joint petition for writ of mandamus, Judge Sorrells of Tarrant County Criminal Court No. 10 called Judge Sprinkle and advised him that Tarrant County Criminal Court No. 10 was likewise refusing to exercise jurisdiction over Loban's appeal.

Relators then filed a joint petition for writ of mandamus complaining that neither Tarrant County Court at Law No. 3 nor Tarrant County Criminal Court No. 10 would exercise jurisdiction over Loban's appeal. This court denied the joint petition for writ of mandamus.

Subsequently, Judge Sorrells signed an order reciting that "[o]n February 07, 2007 . . . [Judge Sprinkle] transferred the above referenced cause to County Criminal Court No. 10. . . . This Court hereby, denies jurisdiction of said matter and therefore, denies the transfer of this case into County Criminal Court No. 10."

Relators then filed this second joint petition for writ of mandamus.

### III. No Appeal Currently Exists From a Civil Judgment of a Tarrant County Municipal Court of Record Declaring a Dog to be a Dangerous Animal

Grapevine City Ordinance 6–33(a) provides that an animal control officer shall inspect an animal suspected of being dangerous and make a determination regarding whether the animal meets the definition of a "dangerous animal" under Grapevine City Ordinance 6–1. Grapevine, Tex., City Ordinances 6–1, 6–33(a). If the animal control officer determines that the animal is dangerous, the animal control officer shall provide written notice to the owner or harborer. Grapevine, Tex., City Ordinances 6–33(a). The owner then has ten days from receipt of the notice to request a hearing before the Grapevine municipal court in order to challenge the dangerous animal determination. Grapevine, Tex., City Ordinances 6–33(a), 6–34(a). After the hearing is held before the Grapevine municipal court of record and a final determination is made that the animal is dangerous, the owner or harborer must comply with special requirements, including paying a registration fee of $50 for each dangerous animal and supplying proof that the dangerous animal has been vaccinated. Grapevine, Tex., City Ordinances 6–35(a). Because the owner or harborer is not subject to a punitive fine or to imprisonment for merely keeping a dangerous animal,[2] Relators agree that the present "dangerous dog" proceeding under Grapevine City Ordinance 6–33 is not a criminal proceeding. *Accord Timmons v. Pecorino*, 977 S.W.2d 603, 604 (Tex.Crim.App.1998) (Price, J., concurring in denial of petition for discretionary review on ground that

2. Failure to comply with the special requirements can result in criminal action. *See* Grapevine, Tex., City Ordinances 6–33(b), 6–35(d), 6–36(a). Here, however, the only issue before the Grapevine municipal court was whether Loban's dogs were dangerous animals; the issue of Loban's future compliance or noncompliance with the special requirements will arise only after final resolution of the dangerous dog declaration.

court of criminal appeals possessed no jurisdiction because municipal court's order that dog be destroyed is a civil matter).

Section 822.0421 of the Texas Health and Safety Code authorizes an appeal from a dangerous dog declaration; it provides that the owner of an alleged dangerous dog "may appeal the decision of the ... municipal court in the same manner as appeal from other cases from the ... municipal court." Tex. Health & Safety Code Ann. § 822.0421 (Vernon 2003). Thus, Relator Loban possesses the right to appeal the decision of the Grapevine municipal court of record affirming the declaration that his two dogs are dangerous "in the same manner as appeal from other cases from the ... municipal court." *Id.*

■ Two statutes set forth the manner that other cases are appealed from the municipal courts; the code of criminal procedure and the government code. *See* Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 2006); Tex. Gov't Code Ann. § 30.00014(a); *see generally* Tex. Att'y Gen. Op. No. GA–0316 (2005) (discussing appeals from municipal courts and municipal courts of record and explaining that these statutes provide a limited right to appeal from decisions of municipal courts and municipal courts of record). The code of criminal procedure gives a defendant in any *criminal* action the right to appeal. Tex.Code Crim. Proc. Ann. art. 44.02. Because the underlying action here—the Grapevine municipal court of record's affirmance of the City Animal Control Officer's dangerous dog declaration—is not a criminal action, the code of criminal procedure's statutory grant of a right to appeal in a criminal action is not triggered.

■ The government code provides a defendant a right of appeal "from a judgment or conviction in a municipal court of record." Tex. Gov't Code Ann.

§ 30.00014(a). The government code provides, in pertinent part:

(a) A defendant has the right of appeal from a judgment or conviction in a municipal court of record. .... The county criminal courts or county criminal courts of appeal in the county in which the municipality is located or the municipal courts of appeal have jurisdiction of appeals from a municipal court of record. If there is no county criminal court, county criminal court of appeal, or municipal court of appeal, the county courts at law have jurisdiction of an appeal.

*Id.* Thus, it initially appears that, pursuant to government code section 30.00014(a), Relator Loban may appeal the Grapevine municipal court of record's affirmance of the City Animal Control Officer's dangerous dog declaration to a county criminal court in Tarrant County. Tex. Gov't Code Ann. § 30.01011(b) (dealing with the municipal courts in Grapevine and stating that "appellate courts" means the county criminal courts of Tarrant County).

But by statute, county criminal courts in Tarrant County have no jurisdiction over civil matters. *See* Tex. Gov't Code Ann. § 25.2223(a) (Vernon 2004) (providing that county criminal courts in Tarrant County have no jurisdiction over civil matters). And pursuant to government code section 30.00014(a), a county court at law acquires jurisdiction over an appeal from a municipal court of record only if there is no county criminal court, county criminal court of appeal, or municipal court of appeal in the county. Because Tarrant County *does* have county criminal courts, Judge Sprinkle determined—citing government code section 30.00014(a)—that Tarrant County Court at Law No. 3 did not have jurisdiction over Relator Loban's appeal.

■ Thus, it appears that no statutory provision authorizes an appeal by Relator

Loban of the Grapevine municipal court of record's affirmance of the City Animal Control Officer's dangerous dog declaration to Tarrant County Court at Law No. 3. *Accord* Tex. Att'y Gen. Op. No. GA–0316 (2005) (applying same statutory provisions at issue here to conclude that "[w]here a nonconsent tow hearing authorized by chapter 685 of the Texas Transportation Code is conducted before a magistrate of a municipal court or a municipal court of record, the magistrate's determination is final and there is no appeal"); *see also State ex. rel. Curry v. Gilfeather*, 937 S.W.2d 46, 49 (Tex.App.-Fort Worth 1996, orig. proceeding) (holding more specific statutory provision that Tarrant County criminal courts lack civil jurisdiction controlled over general jurisdictional statute). This gap in the statutory right of appeal is apparently attributable to the fact that municipal courts previously had only criminal jurisdiction. *See City of Lubbock v. Green*, 312 S.W.2d 279, 282 (Tex.Civ.App.-Amarillo 1958, no writ) (stating that an appeal from municipal court "would lie only if the proceedings constituted a criminal case"); *see also* 23 DAVID BROOKS, TEXAS PRACTICE: MUNICIPAL LAW AND PRACTICE § 15.19 (1999) (same). When municipal courts became capable of exercising limited civil jurisdiction, the statutes authorizing appeals from a municipal court's decision were not correspondingly amended to address appeals generated via this exercise of limited civil jurisdiction. TEX. GOV'T CODE ANN. § 30.00005(d) (Vernon 2004) (stating that governing body of municipality may provide that municipal court of record may have specified civil jurisdiction); *see generally* Tex. Att'y Gen. Op. No. GA–0316 (2005) (espousing this conclusion).

We cannot issue a writ of mandamus to compel Judge Sprinkle of Tarrant County Court at Law No. 3 to exercise jurisdiction over Relator Loban's appeal when Tarrant County has several county criminal courts, and by statute, the county courts at law possess jurisdiction over such an appeal only if "there is no county criminal court." *See* TEX. GOV'T CODE ANN. § 30.00014(a).

## IV. CONCLUSION

We therefore deny Relators' joint petition for writ of mandamus.