COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-07-400-CV

 

 

IN RE
JASON LOBAN AND                                                     RELATORS

CITY OF GRAPEVINE

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                             OPINION

------------

I.  Introduction








In a joint petition for writ
of mandamus, Relators Jason Loban and the City of Grapevine[1]
ask this court to issue a writ of mandamus commanding the Honorable Vincent G.
Sprinkle of Tarrant County Court at Law No. 3 to exercise jurisdiction over
Loban=s appeal from the Grapevine municipal court of record=s decision deeming two of Loban=s dogs Adangerous
animals.@  The primary issue that we address
is whether a statutory vehicle exists authorizing an appeal from a civil
judgment entered by a municipal court of record in Tarrant County to a Tarrant
County county court at law.  Because the
plain language of the legislation involved apparently fails to provide any such
statutory vehicle, we must deny Relators= joint petition for writ of mandamus.

II.  Factual and Procedural Background

On April 5, 2006, an animal
control officer in the City of Grapevine declared two dogs owned by Loban to be
dangerous.  Two days later, Loban filed a
written request for a hearing before the municipal court, as authorized by
section 6-34 of the Code of Ordinances of the City of Grapevine.  See Grapevine,
Tex., City Ordinances 6-34 (1979).  The Grapevine municipal court of record held
a hearing on May 18, 2006, and affirmed the animal control officer=s declaration that the two dogs were dangerous animals.  Loban filed a motion for new trial, and the
Grapevine municipal court of record denied it. 


Relators allege that Loban
then Atried@ to file a
notice of appeal Ain County
Criminal Court No. 10 but was advised by that court that the appeal should be
filed in County Court at Law.@  Loban therefore filed his
appeal in Tarrant County Court at Law No. 3. 








Judge Sprinkle of Tarrant
County Court at Law No. 3 subsequently signed an order dismissing Loban=s appeal Afor failure
to file the appeal in the proper court,@ citing Texas Government Code section 30.00014(a).  See Tex.
Gov=t Code Ann. ' 30.00014(a) (Vernon 2004 & Supp. 2007).  Approximately six weeks later, Judge Sprinkle
entered an order transferring Loban=s appeal to Tarrant County Criminal Court No. 10.  According to the allegations in Relators= joint petition for writ of mandamus, Judge Sorrells of Tarrant County
Criminal Court No. 10 called Judge Sprinkle and advised him that Tarrant County
Criminal Court No. 10 was likewise refusing to exercise jurisdiction over Loban=s appeal. 

Relators then filed a joint
petition for writ of mandamus complaining that neither Tarrant County Court at
Law No. 3 nor Tarrant County Criminal Court No. 10 would exercise jurisdiction
over Loban=s
appeal.  This court denied the joint
petition for writ of mandamus.

Subsequently, Judge Sorrells
signed an order reciting that A[o]n February 07, 2007 . . . [Judge Sprinkle] transferred the above
referenced cause to County Criminal Court No. 10. . . . This Court hereby,
denies jurisdiction of said matter and therefore, denies the transfer of this
case into County Criminal Court No. 10.@ 

Relators then filed this
second joint petition for writ of mandamus.








III.  No Appeal
Currently Exists From a Civil Judgment of a Tarrant County

Municipal Court of Record Declaring a Dog to be a
Dangerous Animal

 








Grapevine City Ordinance
6-33(a) provides that an animal control officer shall inspect an animal
suspected of being dangerous and make a determination regarding whether the
animal meets the definition of a Adangerous animal@ under
Grapevine City Ordinance 6-1.  Grapevine, Tex., City Ordinances 6-1,
6-33(a).  If the animal control officer
determines that the animal is dangerous, the animal control officer shall
provide written notice to the owner or harborer.  Grapevine,
Tex., City Ordinances 6-33(a). 
The owner then has ten days from receipt of the notice to request a
hearing before the Grapevine municipal court in order to challenge the
dangerous animal determination.  Grapevine, Tex., City Ordinances 6-33(a),
6-34(a).  After the hearing is held
before the Grapevine municipal court of record and a final determination is
made that the animal is dangerous, the owner or harborer must comply with
special requirements, including paying a registration fee of $50 for each
dangerous animal and supplying proof that the dangerous animal has been
vaccinated.  Grapevine, Tex., City Ordinances 6-35(a).  Because the owner or harborer is not subject
to a punitive fine or to imprisonment for merely keeping a dangerous animal,[2]
Relators agree that the present Adangerous dog@ proceeding
under Grapevine City Ordinance 6-33 is not a criminal proceeding.  Accord Timmons v. Pecorino, 977 S.W.2d
603, 604 (Tex. Crim. App. 1998) (Price, J., concurring in denial of petition
for discretionary review on ground that court of criminal appeals possessed no
jurisdiction because municipal court=s order that dog be destroyed is a civil matter).  

Section 822.0421 of the Texas
Health and Safety Code authorizes an appeal from a dangerous dog declaration;
it provides that the owner of an alleged dangerous dog Amay appeal the decision of the . . . municipal court in the same
manner as appeal from other cases from the . . . municipal court.@  Tex. Health & Safety Code Ann. ' 822.0421 (Vernon 2003).  Thus,
Relator Loban possesses the right to appeal the decision of the Grapevine municipal
court of record affirming the declaration that his two dogs are dangerous Ain the same manner as appeal from other cases from the . . . municipal
court.@  Id.  








Two statutes set forth the
manner that other cases are appealed from the municipal courts; the code of
criminal procedure and the government code. 
See Tex. Code Crim. Proc.
Ann. art. 44.02 (Vernon 2006); Tex.
Gov=t Code Ann.  ' 30.00014(a); see generally Tex. Att=y Gen. Op. No. GA-0316
(2005) (discussing appeals from 
municipal courts and municipal courts of record and explaining that
these statutes provide a limited right to appeal from decisions of municipal
courts and municipal courts of record). 
The code of criminal procedure gives a defendant in any criminal
action the right to appeal.  Tex. Code Crim. Proc. Ann. art. 44.02.  Because the underlying action hereCthe Grapevine municipal court of record=s affirmance of the City Animal Control Officer=s dangerous dog declarationCis not a criminal action, the code of criminal procedure=s statutory grant of a right to appeal in a criminal action is not
triggered.

The government code provides
a defendant a right of appeal Afrom a judgment or conviction in a municipal court of record.@  Tex. Gov=t Code Ann.  ' 30.00014(a).  The government
code provides, in pertinent part:

(a) A
defendant has the right of appeal from a judgment or conviction in a municipal
court of record. . . . .  The county
criminal courts or county criminal courts of appeal in the county in which the
municipality is located or the municipal courts of appeal have jurisdiction of
appeals from a municipal court of record. 
If there is no county criminal court, county criminal court of appeal,
or municipal court of appeal, the county courts at law have jurisdiction of an
appeal.

 








Id.  Thus, it initially appears that, pursuant to
government code section 30.00014(a), Relator Loban may appeal the Grapevine
municipal court of record=s affirmance
of the City Animal Control Officer=s dangerous dog declaration to a county criminal court in Tarrant
County.  Tex. Gov=t Code Ann.  ' 30.01011(b) (dealing with the municipal courts in Grapevine and
stating that Aappellate
courts@ means the county criminal courts of Tarrant County).  

But by statute, county
criminal courts in Tarrant County have no jurisdiction over civil matters.  See Tex.
Gov=t Code Ann. ' 25.2223(a) (Vernon 2004) (providing that county criminal courts in
Tarrant County have no jurisdiction over civil matters).  And pursuant to government code section
30.00014(a), a county court at law acquires jurisdiction over an appeal from a
municipal court of record only if there is no county criminal court, county
criminal court of appeal, or municipal court of appeal in the county.  Because Tarrant County does have
county criminal courts, Judge Sprinkle determinedCciting government code section 30.00014(a)Cthat Tarrant County Court at Law No. 3 did not have jurisdiction over
Relator Loban=s appeal.








Thus, it appears that no
statutory provision authorizes an appeal by Relator Loban of the Grapevine
municipal court of record=s affirmance
of the City Animal Control Officer=s dangerous dog declaration to Tarrant County Court at Law No. 3.  Accord Tex. Att=y Gen. Op. No. GA-0316
(2005) (applying same statutory provisions at issue here to conclude that A[w]here a nonconsent tow hearing authorized by chapter 685 of the
Texas Transportation Code is conducted before a magistrate of a municipal court
or a municipal court of record, the magistrate=s determination is final and there is no appeal@); see also State ex. rel. Curry v. Gilfeather, 937 S.W.2d 46,
49 (Tex. App. C Fort Worth
1996, orig. proceeding) (holding more specific statutory provision that Tarrant
County criminal courts lack civil jurisdiction controlled over general
jurisdictional statute).  This gap in the
statutory right of appeal is apparently attributable to the fact that municipal
courts previously had only criminal jurisdiction.  See City of Lubbock v. Green, 312
S.W.2d 279, 282 (Tex. Civ. App.CAmarillo 1958, no writ) (stating that an appeal from municipal court Awould lie only if the proceedings constituted a criminal case@); see also 23 David
Brooks, Texas Practice:  Municipal Law
and Practice ' 15.19
(1999) (same).  When municipal courts
became capable of exercising limited civil jurisdiction, the statutes
authorizing appeals from a municipal court=s decision were not correspondingly amended to address appeals
generated via this exercise of limited civil jurisdiction.  Tex.
Gov=t Code Ann. ' 30.00005(d) (Vernon 2004) (stating that governing body of
municipality may provide that municipal court of record may have specified
civil jurisdiction); see generally Tex. Att=y Gen. Op. No. GA-0316
(2005) (espousing this conclusion).








We cannot issue a writ of
mandamus to compel Judge Sprinkle of Tarrant County Court at Law No. 3 to
exercise jurisdiction over Relator Loban=s appeal when Tarrant County has several county criminal courts, and
by statute, the county courts at law possess jurisdiction over such an appeal
only if Athere is no county criminal court.@  See Tex. Gov=t Code Ann. ' 30.00014(a).

IV.  Conclusion

We therefore deny Relators= joint petition for writ of mandamus.

 

 

SUE WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT
and WALKER, JJ.

DELIVERED: January 4, 2008











[1]Although
typically the City of Grapevine would be the real party in interest, in this
joint petition for writ of mandamus, which the City of Grapevine signed, the
City of Grapevine identifies itself as ARelator@
along with Loban and lists the Honorable Judge Phillip Andrew Sorrells as the
real party in interest and the Honorable Vincent G. Sprinkle as
respondent.  For purposes of this
original proceeding, we will therefore refer to the City of Grapevine and Loban
jointly as ARelators.@





[2]Failure
to comply with the special requirements can result in criminal action.  See Grapevine,
Tex., City Ordinances 6-33(b), 6-35(d), 6-36(a).  Here, however, the only issue before the
Grapevine municipal court was whether Loban=s dogs were dangerous
animals; the issue of Loban's future compliance or noncompliance with the
special requirements will arise only after final resolution of the dangerous
dog declaration.