

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-068-CV

JASON LOBAN                                                                    APPELLANT

V.

CITY OF GRAPEVINE AND                                                          APPELLEES
LAWRENCE HOPKINS

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jason Loban appeals the trial court's judgment awarding appellee City of Grapevine $10,670.20 in damages. We vacate and dismiss in part and affirm in part.

On April 5, 2006, a City of Grapevine (City) animal control officer declared two dogs owned by Loban to be "dangerous animals" under a City

---

[1] ... *See* Tex. R. App. P. 47.4.

ordinance.[2]  After Loban asked for a review of the officer's decision,[3] the Grapevine municipal court affirmed the animal control officer's declaration that the two dogs were dangerous animals.[4]

The City assessed impoundment fees and daily charges for the handling and care of Loban's dogs.[5]  On October 8, 2008, appellee Lawrence Hopkins, Animal Control Supervisor for the City, notified Loban that his two dogs would become the property of the City and would be destroyed unless he obtained additional homeowners' insurance and paid $10,242.20 that he owed in fees and charges.  Loban obtained the requisite insurance but did not pay the City the fees and charges.  Instead, Loban filed a petition for injunctive relief stating

---

[2] ... *See* Grapevine, Tex., Code of Ordinances § 6-1 (2009) (effective May 15, 2001, Ordinance No. 2001-35, § 1(A), (B)) (defining "dangerous animal").

[3] ... *See id.* § 6-33(a) (2009) (effective May 15, 2001, Ordinance No. 2001-35, § 1(E)) (providing owner's right to request hearing to challenge "dangerous animal" determination).

[4] ... *See In re Loban*, 243 S.W.3d 827, 828 (Tex. App.—Fort Worth 2008, orig. proceeding [mand. denied]).  Loban and the City filed a joint petition for writ of mandamus to compel the county court at law's jurisdiction over Loban's appeal from the municipal court's civil judgment that Loban's dogs were dangerous animals.  *Id.*  We held that under Texas Government Code section 30.00014(a) the Tarrant County court at law did not have jurisdiction over an appeal from a municipal court of record and denied the joint petition.  *Id.* at 831; *see* Tex. Gov't Code Ann. § 30.00014(a) (Vernon Supp. 2009).

[5] ... Grapevine, Tex., Code of Ordinances § 6-40(c) (2009) (effective June 7, 1988, Ordinance No. 88-40, § 24) (setting impoundment fee and care and handling charge).

2

that he could not pay the $10,242.20 assessed by the City and asking the court to enjoin the City and Hopkins from destroying the dogs. The court granted a temporary restraining order preventing the dogs' destruction.

Before the temporary injunction hearing, Loban supplemented his pleadings by filing a declaratory judgment action challenging the City ordinance defining "dangerous animal" as unconstitutionally vague and challenging his inability to appeal from the municipal court's "dangerous animal" ruling as a violation of his federal and state due process rights. The City and Hopkins filed pleas to the jurisdiction and general denials praying that the court dismiss Loban's suit, deny Loban's petition for temporary and permanent injunction, and award the City and Hopkins "all other relief to which [they] are entitled."

At the temporary injunction hearing, the parties argued the merits of Loban's constitutional claims and claim for injunctive relief. No evidence was introduced. Following the hearing, on February 12, 2009, the trial court entered a "Final Judgment" ordering as follows:

> IT IS THEREFORE ORDERED, DECREED, AND A[D]JUDGED that the City of Grapevine return the two dogs in its custody to Jason Loban. It is further ordered that Jason Loban shall obey all Ordinances of the City of Grapevine and laws of the State of Texas regarding the keeping of dangerous dogs. Lawrence Hopkins is dismissed from this lawsuit.
>
> IT IS FURTHER ORDERED that the City of Grapevine have judgment against Jason Loban in the amount of Ten Thousand Six Hundred

3

Seventy Dollars and Twenty Cents ($10,670.20), for which let execution issue.

Loban moved to suspend enforcement of the judgment pending appeal. This appeal followed.

In two issues, Loban argues that the trial court's award of $10,670.20 in damages to the City should be reversed because the City did not plead for monetary relief, the issue was not tried by consent, and there is no evidence to support the award.[6] We agree. Although Loban did not present an objection to the trial court attacking the judgment on any of the grounds raised on appeal, he was not required to because the money judgment rendered against him is void.[7]

A judgment that is not supported by any pleading or tried by consent is void.[8] The City did not plead for a money judgment against Loban and the

---

[6] ... A party may not be granted favorable judgment on an unpleaded cause of action in the absence of trial by consent. *See* Tex. R. Civ. P. 301; *Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 191 (Tex. 1964); *see also Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) (holding that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings").

[7] ... *See Easterline v. Bean*, 121 Tex. 327, 334, 49 S.W.2d 427, 429 (1932) (challenge to void judgment cannot be waived).

[8] ... *Webb v. Glenbrook Owners Ass'n*, No. 05-07-01122-CV, 2009 WL 3135179, at *4–5 (Tex. App.—Dallas, Oct. 1, 2009, no pet.) (op. on reh'g); *see* Tex. R. Civ. P. 301 (requiring judgment to conform to pleadings).

4

issue was not tried by consent.  Loban filed a petition for declaratory judgment and for injunctive relief.  The City filed a general denial and a plea to the jurisdiction.  Nowhere in the City's pleadings is there a request for monetary relief.  Nor is there any evidence in the record of the amount of the fine.  Therefore, the money judgment against Loban is void.

We sustain Loban's first issue.[9]  We vacate and set aside that portion of the trial court's judgment awarding the City a money judgment against Loban and affirm the remainder of the judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  December 31, 2009

---

[9] In light of these holdings, we need not reach Loban's second issue challenging the sufficiency of the evidence supporting the monetary damages award.