COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-09-068-CV

 

 

JASON LOBAN                                                                    APPELLANT

 

                                                   V.

 

CITY OF GRAPEVINE AND                                                     APPELLEES

LAWRENCE HOPKINS

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Jason Loban appeals the trial court=s
judgment awarding appellee City of Grapevine $10,670.20 in damages.  We vacate and dismiss in part and affirm in
part.








On April 5, 2006, a City of Grapevine (City)
animal control officer declared two dogs owned by Loban to be Adangerous
animals@ under a
City ordinance.[2]  After Loban asked for a review of the officer=s
decision,[3]
the Grapevine municipal court affirmed the animal control officer=s
declaration that the two dogs were dangerous animals.[4]








The City assessed impoundment fees and daily
charges for the handling and care of Loban=s dogs.[5]  On October 8, 2008, appellee Lawrence
Hopkins, Animal Control Supervisor for the City, notified Loban that his two
dogs would become the property of the City and would be destroyed unless he
obtained additional homeowners=
insurance and paid $10,242.20 that he owed in fees and charges.  Loban obtained the requisite insurance but
did not pay the City the fees and charges. 
Instead, Loban filed a petition for injunctive relief stating that he
could not pay the $10,242.20 assessed by the City and asking the court to
enjoin the City and Hopkins from destroying the dogs.  The court granted a temporary restraining
order preventing the dogs= destruction. 

Before the temporary injunction hearing, Loban
supplemented his pleadings by filing a declaratory judgment action challenging
the City ordinance defining Adangerous
animal@ as
unconstitutionally vague and challenging his inability to appeal from the
municipal court=s Adangerous
animal@ ruling
as a violation of his federal and state due process rights.  The City and Hopkins filed pleas to the
jurisdiction and general denials praying that the court dismiss Loban=s suit,
deny Loban=s petition for temporary and
permanent injunction, and award the City and Hopkins Aall
other relief to which [they] are entitled.@ 

At the temporary injunction hearing, the parties
argued the merits of Loban=s
constitutional claims and claim for injunctive relief.  No evidence was introduced.  Following the hearing, on February 12, 2009,
the trial court entered a AFinal
Judgment@ ordering
as follows:

IT IS THEREFORE ORDERED,
DECREED, AND A[D]JUDGED that the City of Grapevine return the two dogs in its
custody to Jason Loban.  It is further
ordered that Jason Loban shall obey all Ordinances of the City of Grapevine and
laws of the State of Texas regarding the keeping of dangerous dogs.  Lawrence Hopkins is dismissed from this
lawsuit.








IT IS FURTHER ORDERED
that the City of Grapevine have judgment against Jason Loban in the amount of
Ten Thousand Six Hundred Seventy Dollars and Twenty Cents ($10,670.20), for
which let execution issue.

Loban moved to suspend enforcement of the judgment pending
appeal.  This appeal followed.

In two issues, Loban argues that the trial court=s award
of $10,670.20 in damages to the City should be reversed because the City did
not plead for monetary relief, the issue was not tried by consent, and there is
no evidence to support the award.[6]  We agree. 
Although Loban did not present an objection to the trial court attacking
the judgment on any of the grounds raised on appeal, he was not required to
because the money judgment rendered against him is void.[7]  








A judgment that is not supported by any pleading
or tried by consent is void.[8]  The City did not plead for a money judgment
against Loban and the issue was not tried by consent.  Loban filed a petition for declaratory
judgment and for injunctive relief.  The
City filed a general denial and a plea to the jurisdiction.  Nowhere in the City=s
pleadings is there a request for monetary relief.  Nor is there any evidence in the record of
the amount of the fine.  Therefore, the
money judgment against Loban is void.

We sustain Loban=s first
issue.[9]  We vacate and set aside that portion of the
trial court=s judgment awarding the City a
money judgment against Loban and affirm the remainder of the judgment.

 

PER
CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: 
December 31, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Grapevine, Tex., Code of
Ordinances ' 6-1 (2009)
(effective May 15, 2001, Ordinance No. 2001-35, ' 1(A), (B))
(defining Adangerous animal@).





[3]See id. ' 6-33(a) (2009)
(effective May 15, 2001, Ordinance No. 2001-35, ' 1(E)) (providing
owner=s right to request
hearing to challenge Adangerous animal@ determination).





[4]See In re Loban, 243 S.W.3d 827, 828
(Tex. App.CFort Worth 2008, orig.
proceeding [mand. denied]).  Loban and
the City filed a joint petition for writ of mandamus to compel the county court
at law=s jurisdiction over Loban=s appeal from the
municipal court=s civil judgment that
Loban=s dogs were dangerous
animals.  Id.  We held that under Texas Government Code
section 30.00014(a) the Tarrant County court at law did not have jurisdiction
over an appeal from a municipal court of record and denied the joint
petition.  Id. at 831; see
Tex. Gov=t Code Ann. ' 30.00014(a) (Vernon
Supp. 2009).





[5]Grapevine, Tex., Code of
Ordinances ' 6-40(c) (2009)
(effective June 7, 1988, Ordinance No. 88-40, ' 24) (setting impoundment
fee and care and handling charge).





[6]A party may not be
granted favorable judgment on an unpleaded cause of action in the absence of
trial by consent.  See Tex. R.
Civ. P. 301; Oil Field Haulers Ass=n v. R.R. Comm=n, 381 S.W.2d 183, 191
(Tex. 1964); see also Mastin v. Mastin, 70 S.W.3d 148, 154 (Tex. App.CSan Antonio 2001, no
pet.) (holding that Awhen issues not raised by
the pleadings are tried by express or implied consent of the parties, they
shall be treated in all respects as if they had been raised in the pleadings@).





[7]See Easterline v. Bean, 121 Tex. 327, 334, 49
S.W.2d 427, 429 (1932) (challenge to void judgment cannot be waived).





[8]Webb v. Glenbrook Owners
Ass=n, No. 05-07-01122-CV,
2009 WL 3135179, at *4B5 (Tex. App.CDallas, Oct. 1, 2009, no
pet.) (op. on reh=g); see Tex. R.
Civ. P. 301 (requiring judgment to conform to pleadings).





[9]In light of these
holdings, we need not reach Loban=s second issue challenging the sufficiency of the
evidence supporting the monetary damages award.