March 3, 2014

The Honorable Harold V. Dutton, Jr.
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No.    GA-1044

Re: Whether justice courts are authorized to charge a fee for filing a petition to apply for an occupational driver's license   (RQ-1148-GA)

Dear Representative Dutton:

You ask whether justice courts are authorized to charge a fee for filing a petition to apply for an occupational driver's license.[1]  Section 521.242 of the Transportation Code provides the procedure for a person whose driver's license has been suspended to apply for an occupational license by filing a verified petition in certain courts. TEX. TRANSP. CODE ANN. § 521.242 (West Supp. 2013).  The statute was recently amended by House Bill 438 to (1) authorize justice courts, in addition to county and district courts, to receive such a petition and (2) delete the word "civil" from subsection (e) as follows: "The clerk of the court shall file the petition as in any other [civil] matter."  Act of May 22, 2013, 83d Leg., R.S., ch. 860 § 1, 2013 Tex. Gen. Laws 2209, 2209 ("House Bill 438").

To construe section 521.242 as amended, we consider "its role in the broader statutory scheme." *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).  A person's driver's license may be suspended for reasons both criminal and noncriminal. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 521.0445 (West 2013) (nonpayment of child support obligations); 521.292 (grounds for suspension); 601.057 (West 2011) (inadequacy of proof establishing financial responsibility); 601.152 (owner or operator of vehicle involved in an accident in certain circumstances).  The procedure in chapter 521, subchapter L of the Transportation Code to seek an occupational driver's license for "essential need" is separate from any right to challenge or appeal a driver's license suspension. *Id.* §§ 521.241–.253 (West 2013 & Supp. 2013); *see generally State ex rel. Curry v. Gilfeather*, 937 S.W.2d 46, 50 (Tex. App.—Fort Worth 1996, orig. proceeding).  The person whose driver's license has been suspended initiates the proceeding by filing a verified petition in an appropriate court. TEX. TRANSP. CODE ANN. § 521.242(a) (West Supp. 2013).  The statute requires notice and hearing before the court determines whether the petitioner may

---

[1]*See* Letter from Honorable Harold V. Dutton, Jr., House Comm. on Urban Affairs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 27, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

receive an occupational license. *Id.* §§ 521.243–.244(a) (West 2013). The proceeding is a civil matter, independent of any criminal proceeding. *Gilfeather*, 937 S.W.2d at 50.

An official such as a judge or clerk of a justice court may charge a fee for performing an official duty only as authorized by statute. *See Moore v. Sheppard*, 192 S.W.2d 559, 560–61 (Tex. 1946). While chapter 521, subchapter L does not address filing fees, the Legislature has promulgated general fee statutes for the different types of trial courts. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 51.317, .319 (West 2013 & Supp. 2013) (district court); TEX. LOC. GOV'T CODE ANN. §§ 118.011, .052 (West Supp. 2013) (county court), 118.121, .122 (West 2008) (justice court). This office has determined that a court's general statutory authority to charge a fee for filing an original petition in a civil matter applies to the filing of a petition to apply for an occupational driver's license. Tex. Att'y Gen. Op. No. LO-96-131, at 2.

You ask whether, by deleting the word "civil" from subsection 521.242(e) of the Transportation Code, House Bill 438 eliminated the authority of a court clerk to charge a fee for filing the petition to apply for an occupational driver's license. Request Letter at 1. After amendment, subsection 521.242(e) provides that a "clerk of the court shall file the petition as in any other matter." TEX. TRANSP. CODE ANN. § 521.242(e) (West Supp. 2013). House Bill 438 does not change any other aspect of a section 521.242 proceeding. The plain language of subsection 521.242(e) following amendment does not suggest a legislative intent to transform the proceeding into a criminal matter or to dispense with the filing fees that district and county courts charged prior to the amendment. A court would likely conclude that House Bill 438 does not eliminate a court's authority to charge a fee for filing a section 521.242 petition. *Cf. Pettigrew v. State*, 48 S.W.3d 769, 772–73 (Tex. Crim. App. 2001) ("To the extent that the material portions of the statute have remained unchanged, we presume that the Legislature intended that the judicial interpretation of the previous version of the statute continue to apply."); *Gilfeather*, 937 S.W.2d at 50 (determining that a section 521.242 proceeding is civil in nature).

You also ask whether, and on what basis, a justice court may charge a fee for filing a section 521.242 petition. Request Letter at 2. Section 118.122 of the Local Government Code authorizes a justice court to collect a fee "for all required filings of documents . . . and all other processes and procedures in a civil matter in a justice court." TEX. LOC. GOV'T CODE ANN. § 118.122(a) (West 2008). Subsection 521.242(e) of the Transportation Code requires the court clerk to file the verified petition, making it a "required filing" under section 118.122 of the Local Government Code. As discussed above, a section 521.242 proceeding is a civil matter. *Gilfeather*, 937 S.W.2d at 50. Consequently, section 118.122 of the Local Government Code authorizes a justice court to charge a fee for filing a petition to apply for an occupational driver's license.

## S U M M A R Y

House Bill 438 does not eliminate a court's authority to charge a fee for filing a petition to apply for an occupational driver's license under section 521.242 of the Transportation Code. Section 118.122 of the Local Government Code authorizes justice courts to charge a fee for filing such a petition.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee