**DISSENT; and Opinion Filed December 21, 2018**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-00282-CV**

**THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS, Appellant**

**V.**

**DALLAS PETS ALIVE, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00590-E**

## DISSENTING OPINION

Before Justices Lang, Fillmore, and Schenck
Dissenting Opinion by Justice Lang

I respectfully dissent because I disagree with the majority's conclusion that the county court at law had jurisdiction over DPA's appeal from the municipal court order in question.

"The right to appeal is regulated by the legislature, and the legislature 'may deny the right to appeal entirely, the right to appeal only some things, or the right to appeal all things only under some circumstances.'" *In re J.H.*, 176 S.W.3d 677, 679 (Tex. App.—Dallas 2005, no pet.) (citing *In re Jenevein*, 158 S.W.3d 116, 119 (Tex. Spec. Ct. Rev. 2003)); *see also Howell Aviation Servs. v. Aerial Ads, Inc.*, 29 S.W.3d 321, 323 (Tex. App.—Dallas 2000, no pet.) ("the principle is fixed that the Legislature has the power to limit the right of appeal").

When construing a statute, we attempt to give effect to the legislature's intent. *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex. App.—Dallas 2010, pet. denied) (citing

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999)). To determine legislative intent, we look to the plain and common meaning of the words the legislature used. *Id.* Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to be excluded for a purpose. *Id.* Only when it is necessary to give effect to the clear legislative intent may we insert additional words into a statutory provision. *Id.* (citing *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex. 1981)). "If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald*, 996 S.W.2d at 865. "A statute is ambiguous if its words are susceptible to two or more reasonable interpretations and we cannot discern legislative intent from the language alone." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). Additionally, the supreme court has stated,

> There are sound reasons we begin with the plain language of a statute before resorting to rules of construction. For one, it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent. Also, ordinary citizens should be able to rely on the plain language of a statute to mean what it says. Moreover, when we stray from the plain language of a statute, we risk encroaching on the Legislature's function to decide what the law should be.

*Fitzgerald*, 996 S.W.2d at 866.

In the case before us, DPA sought to appeal a municipal court order based on section 822.003 of subchapter A of chapter 822 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.001–.007. No provision in that subchapter provides for appeal of a municipal court order based on that subchapter to a county court at law. *See id.* Rather, the majority bases its conclusion on section 822.0424 of subchapter D, which provides in part,

> (a) A party to an appeal under Section 822.0421(d) or a hearing under Section 822.0423 may appeal the decision to a county court or county court at law in the county in which the justice or municipal court is located and is entitled to a jury trial on request.

. . . .

(d) A decision of a county court or county court at law under this section may be appealed in the same manner as an appeal for any other case in a county court or county court at law.

(e) Notwithstanding any other law, a county court or a county court at law has jurisdiction to hear an appeal filed under this section.

However, nothing in the unambiguous language of section 822.0424 of subchapter D allows for appeal of a municipal court order based on section 822.003. "A statute's silence can be significant." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004). "When the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the Legislature intended." *Id*. "If so, we must honor that difference." *Id*.

DPA asserts in part in its appellate brief that "to provide an appeal under the lesser subchapter D but deny one under subchapter A when the dog is ordered killed, is not only unjust, but wholly unreasonable" and "defies common sense." However, unlike subchapter D, section 822.003 of subchapter A specifically applies to a dog that has allegedly already caused death or "serious bodily injury" to a person. Thus, a proceeding under section 822.003 of subchapter A could potentially implicate concerns differing from those in a proceeding under subchapter D. Unlike the majority, I disagree with DPA's position that the purported "unjust" and "unreasonable" result described by it warrants an exception to the general rule that we adopt the interpretation supported by the plain meaning of the statutory provision's words and terms. *Fitzgerald*, 996 S.W.2d at 865; *see also Howell*, 29 S.W.3d at 323 (concluding that although "differing appellate schemes for small claims and justice of the peace courts appear illogical," "we cannot ignore the unambiguous pronouncements of our legislature").

Further, DPA relies on section 30.00014(a) of the Texas Government Code as support for its position. TEX. GOV'T CODE ANN. § 30.00014(a). That section provides,

A defendant has the right of appeal from a judgment or conviction in a municipal court of record. The state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure. The county criminal courts or county criminal courts of appeal in the county in which the municipality is located or the municipal courts of appeal have jurisdiction of appeals from a municipal court of record. If there is no county criminal court, county criminal court of appeal, or municipal court of appeal, the county courts at law have jurisdiction of an appeal. If a county does not have a county court at law under Chapter 25, the county court has jurisdiction of any appeal.

*Id.*

In *In re Loban*, 243 S.W.3d 827, 830 (Tex. App.—Fort Worth 2008, orig. proceeding), a City of Grapevine municipal court of record signed a civil judgment declaring Loban's dog a "dangerous dog" under a city ordinance. Neither the Tarrant County criminal court nor the Tarrant County court at law would exercise jurisdiction of an appeal from that judgment. *Id.* at 828. Loban sought a writ of mandamus from the Second Court of Appeals in Fort Worth commanding the county court at law to exercise jurisdiction over the appeal. The appellate court concluded section 30.00014(a) provided an appeal from the "dangerous dog" judgment of the municipal court to the Tarrant County criminal court. *Id.* at 830. However, the appellate court (1) stated that Texas Government Code section 25.2223(a) specifically provides that Tarrant County criminal courts have no civil jurisdiction; (2) reasoned that pursuant to section 30.00014(a), a county court at law acquires jurisdiction over an appeal from a municipal court of record only if there is no county criminal court, county criminal court of appeal, or municipal court of appeal in the county; and (3) concluded, based on the language of section 30.00014(a), that because Tarrant County has county criminal courts, the Tarrant County court at law did not acquire jurisdiction over Loban's appeal. *Id.*

In the case before us, both sides acknowledge Dallas County has county criminal courts. Based on the reasoning in *Loban*, I would conclude section 30.00014(a) does not authorize an appeal of the municipal court order in question in a Dallas county court at law. *See id.*

–4–

In summary, because I would conclude that neither of the jurisdictional bases asserted by DPA are valid, I would reverse the denial of the City's plea to the jurisdiction and render judgment dismissing DPA's appeal to the county court at law. Accordingly, I do not join in the majority's opinion and I respectfully dissent from this Court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

180282DF.P05