**Jim TIMMONS, Relator,**

v.

**Judge Vic PECORINO, Respondent.**

**No. 37,733–01.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1998.

James A. Moore, Ronald G. Mock, Michael A. Moriarty, for relator.

Gerry Guerinot, Matthew Paul, State's Atty., Austin, for Respondent.

---

PRICE, J., concurring opinion, joined by MANSFIELD, BAIRD and OVERSTREET, JJ.

PRICE, Judge, concurring in the Denial of Leave to File.

I concur in the Court's denial of leave to file, but write separately to explain my reason for doing so.

This case has provided no small amount of humor to many of those familiar with its details (a canine "defendant" named Darth Vader, rumors of a "tainted" dog line-up, a case of canine "capital punishment," etc.), and no small amount of sadness to many over the imminent destruction of one of "man's best friends." Nevertheless, there are significant jurisdictional issues at stake.

Relator's dog bit a small girl, requiring her to get more than thirty stitches. As a result of this, Relator's dog and several other dogs were seized by animal control personnel, and Relator's dog was identified by the girl and her mother in a dog line-up. Judge Pecorino of the City of Humble Municipal Court (and Respondent in this action) summoned Relator for a hearing pursuant to TEX. HEALTH & SAFETY CODE §§ 822.001–822.004, and eventually the Court ordered that the dog be destroyed. Relator perfected an appeal, but filed it as a mandamus application in the Harris County Criminal Court No. 4. That court dismissed the mandamus request for lack of jurisdiction. Relator then filed Writs of Certiorari, Mandamus and Habeas Corpus in this Court, and asked us to grant his Motion for Temporary Relief to stay the order of Respondent to destroy the dog pending our action on the Writs of Certiorari, Mandamus and Habeas Corpus.

Respondent Judge Pecorino ordered Relator's dog destroyed under TEX. HEALTH & SAFETY CODE § 822.003(e), under which a court may order destruction of a dog if it

"... finds that the dog caused serious bodily injury to a person by attacking, biting or mauling the person."[1] However, this Court's jurisdiction is limited to criminal cases. See TEX. CONST. art. V, § 5; TEX. CODE CRIM. PROC. ANN. art. 4.04 (Vernon Supp.1998). Relator contends that this is a criminal matter because the Humble Municipal Court has only criminal jurisdiction, a complaint was filed, the case was handled by the municipal court prosecutor and a warrant was issued.

Despite all this, in no way can Relator's case be considered "criminal," since Relator has neither been charged with nor convicted of a criminal offense.[2] See, e.g., Armes v. State, 573 S.W.2d 7, 8 (Tex.Crim.App. [Panel Op.] 1978) (Court of Criminal Appeals held to have no jurisdiction over appeal of order requiring that appellant go to California to appear before a California grand jury, since appellant had not been charged with or convicted of a criminal offense, and therefore was not a criminal defendant); Ex parte Beal, 157 Tex.Crim. 466, 250 S.W.2d 221, 221–222 (1952) (Court of Appeals held to have no jurisdiction over appeal of juvenile proceeding, as appellants' incarceration or restraint was not by reason of a judgment in a criminal case, no criminal statute was shown to have been violated, judgment was not based upon a complaint, information, or indictment, and none of the requisites of a trial in a criminal case appeared); State ex rel. Edwards v. Reyna, 160 Tex. 404, 333 S.W.2d 832, 836 (1960) ("All cases considered by [the Court of Criminal Appeals] necessarily involve violations of penal statutes"); see also City of Lubbock v. Green, 312 S.W.2d 279, 283 (Tex.Civ.App.-Amarillo 1958, no writ) (hearing on right of city to execute dog held not to constitute a criminal case). Whether or not a municipal court has civil jurisdiction[3] is irrelevant to whether this

---

1. 822.003(f) contains exceptions, under which a court may not order a dog destroyed, even though it has caused serious bodily injury to a person.

2. TEX. HEALTH & SAFETY CODE § 822.044(a) does make it an offense for the owner of a dangerous dog to allow his or her dog to attack a person outside the dog's enclosure if the attack causes bodily injury, and § 822.044(b) does allow the

court to order that a dog be destroyed if its owner is convicted under this provision. However, Relator has not been prosecuted under this provision.

3. Although TEX. GOV'T CODE § 29.003 appears not to confer civil jurisdiction on municipal courts, TEX. HEALTH & SAFETY CODE §§ 822.002 & 822.003 may well confer jurisdiction upon those courts for this specific type of action. Nevertheless,

Court has jurisdiction over this particular case.

As Relator has neither been charged with nor convicted of a criminal offense, this Court has no jurisdiction over this dispute, which remains a civil matter. Therefore, I concur in the Court's denial of leave to file.

because we have no jurisdiction in this instance,      we are not at liberty to decide this issue.