ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 2, 2008

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0660

Re: Whether a municipal court may hear compliance applications filed under section 822.042(c) of the Health and Safety Code and appeals of dangerous-dog determinations under section 822.0421(b) of the same code (RQ-0685-GA)

Dear Ms. Yenne:

You ask several questions about a municipal court's authority to hear compliance applications filed under section 822.042(c) of the Health and Safety Code and appeals of dangerous-dog determinations under section 822.0421(b) of the same code.[1] In particular, you ask:

1. Does a municipal court have jurisdiction to hear dangerous dog determination appeals [under Health and Safety Code section 822.0421(b)] and compliance hearings [under section 822.042(c)] . . . as set forth in Chapter 822, Subchapter D of the Texas Health and Safety Code?

2. If a dog owner chooses to appeal the dangerous dog determination to the municipal court in Lake Jackson, Texas, can the city refuse to hear the appeal claiming no competent jurisdiction?

3. Once the dog owner files his/her notice of appeal in municipal court, may the city refer the appeal to another court, i.e.[,] justice court or county court? Is the municipal court obligated to hear the appeal as requested by the dog owner?

---

[1]See Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 3 (Mar. 4, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter]. *See generally* Brief from Sherri Russell, Lake Jackson City Attorney, to Nancy Fuller, Chair, Opinion Committee, Attorney General of Texas, at 1–2 (Mar. 31, 2008) [hereinafter Lake Jackson Brief].

4.      Does the dog owner get to choose the location of appeal, *i.e.*[,] municipal court, justice court, county court?  Or is the citizen required to file notice of appeal at the location as set forth in the dangerous dog determination notice or any other notice of hearing pertaining to a dangerous dog?

Request Letter, *supra* note 1, at 3.  You refer to hearings under section 822.042(c) as "compliance hearings" and to hearings under section 822.0421(b) as "dangerous dog determination appeals," and we adopt that terminology in this opinion.  *Id.*

Chapter 822, subchapter D (sections 822.041 through 822.047) of the Health and Safety Code regulates dangerous-dog owners.  *See* TEX. HEALTH & SAFETY CODE ANN. ch. 822, subch. D (Vernon 2003 & Supp. 2008).  Section 822.041(2) defines the term "dangerous dog" to be a dog that:

(A)  makes an unprovoked attack on a person that causes bodily injury and occurs in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its own; or

(B)  commits unprovoked acts in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its own and those acts cause a person to reasonably believe that the dog will attack and cause bodily injury to that person.

*Id.* § 822.041(2) (Vernon 2003); *see also id.* § 822.041(3) (defining "dog").  Section 822.042(a) requires the owner of the dog, upon learning that the dog is dangerous, to comply with four requirements: (1) register the dog with the animal control authority; (2) restrain the dog at all times; (3) obtain liability insurance coverage or show financial responsibility in a specified amount; and (4) comply with applicable municipal or county regulations.[2]  *See id.* § 822.042(a); *see also id.* § 822.041(5) (defining "owner").  Under section 822.042(c), "[i]f, on application of any person, a justice court, county court, or municipal court finds, after notice and hearing . . . , that the owner of a dangerous dog has failed to comply" with these four requirements, "the court shall order the animal control authority to seize the dog . . . ."  *Id.* § 822.042(c).  An owner's failure to comply may lead to the dog's destruction and criminal prosecution of the owner for a Class C misdemeanor or, if the owner is a repeat offender, a Class B misdemeanor.  *See id.* §§ 822.042(b), (e), .045.

---

[2] A county or municipality may adopt additional requirements or restrictions pertaining to dangerous dogs so long as the requirements or restrictions are not breed-specific and are more stringent than the statutory restrictions. TEX. HEALTH & SAFETY CODE ANN. § 822.047 (Vernon 2003).  Because your questions expressly involve compliance hearings and dangerous-dog-determination appeals under chapter 822, subchapter D of the Health and Safety Code, we do not consider the impact of any city charter provisions or city ordinances that may be relevant.

A person learns that he or she is the owner of a dangerous dog in one of three ways; relevant to your question is the circumstance in which "the owner is informed by the animal control authority that the dog is a dangerous dog under section 822.0421." *Id.* § 822.042(g)(3). Section 822.0421 (to which section 822.042(g)(3) refers) authorizes an animal control authority to investigate a report that a dog has made unprovoked attacks or committed unprovoked threatening acts outside of a secure enclosure and, after receiving witnesses' sworn statements, to determine whether the dog is dangerous, and to notify the owner of the determination. *See id.* § 822.0421(a); *see also id.* § 822.041(2) (defining "dangerous dog"). Under section 822.0421(b), the owner may appeal the animal control authority's determination within fifteen days "to a justice, county, or municipal court of competent jurisdiction." *Id.* § 822.0421(b).

You tell us that your office has received a question from the Lake Jackson City Attorney about the Lake Jackson Municipal Court's jurisdiction to hear, in particular, a dangerous-dog-determination appeal under section 822.0421(b). *See* Request Letter, *supra* note 1, at 1. The City Attorney is concerned that the municipal court, which is not a court of record, is not a court of "competent jurisdiction" for purposes of section 822.0421(b). *See id.* As you explain the City Attorney's argument, she "maintains that the matter must be 'criminal in nature' before the municipal court has jurisdiction [and that the municipal court therefore does not have jurisdiction over dangerous-dog-determination appeals] because the authority does not come from the general statutes governing municipal courts." *Id.* Although you do not detail the reasons for your questions about a municipal court's jurisdiction over compliance hearings under section 822.042(c), we assume they similarly stem from the fact that the Lake Jackson Municipal Court is not a court of record and does not, under *general* statutes, have jurisdiction over matters that are not criminal in nature.

The Legislature has provided for the creation of municipal courts by statute in accordance with the Legislature's constitutional authority to establish "such other courts" as necessary. *See* TEX. CONST. art. V, § 1 (vesting judicial power in "one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in *such other courts* as may be provided by law" (emphasis added)); *see also* Tex. Att'y Gen. Op. No. DM-427 (1996) at 2 (stating that "municipal courts are not constitutionally created courts but rather exist only by virtue of the [L]egislature's constitutional power to 'establish such other courts as it may deem necessary'" (quoting TEX. CONST. art. V, § 1)). The Legislature has provided for the creation of two kinds of municipal courts: municipal courts and municipal courts of record. *See* TEX. GOV'T CODE ANN. §§ 29.002 (Vernon 2004) (creating a municipal court in each municipality), 30.00003(a) (permitting a municipal governing body to create, in addition to the municipal court created under section 29.002, a municipal court of record if the governing body determines that the creation is necessary to more efficiently dispose of cases). Because your questions relate specifically to a municipal court that is not a court of record, we limit our response to such courts, and we use the term "municipal court" generally to refer only to municipal courts, established under Government Code chapter 29, that are not courts of record.

Before we examine a municipal court's jurisdiction in relation to your questions, we summarize general jurisdictional principles. The term "jurisdiction" "refers to a court's authority

to adjudicate a case." *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000)); *In re Sheppard*, 193 S.W.3d 181, 185 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Reiss*, 118 S.W.3d at 443). Whether a court has jurisdiction is a question of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)) (subject-matter jurisdiction); *BMC Software Belgium v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (citing *Hotel Partners v. Craig*, 993 S.W.2d 116, 120 (Tex. App.—Dallas 1994, writ denied)) (personal jurisdiction).

Courts considering civil matters have stated that jurisdiction comprises two components: subject-matter jurisdiction and personal jurisdiction over a party. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Fed. Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943); *see also Ace Ins. Co. v. Zurich Amer. Ins. Co.*, 59 S.W.3d 424, 428 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (defining subject-matter jurisdiction and personal jurisdiction (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). Subject-matter jurisdiction "refers to the court's power to hear a particular type of suit" and "exists by operation of law only." *CSR Ltd.*, 925 S.W.2d at 594; *Fed. Underwriters Exch.*, 174 S.W.2d at 600. Subject-matter jurisdiction comprises both subject-matter and territorial components. *See Lange v. State*, 639 S.W.2d 304, 305 (Tex. Crim. App. 1982), *superseded by rule on other grounds as stated by Volosen v. State*, 227 S.W.3d 77, 81 n.12 (Tex. Crim. App. 2007); *Estrada v. State*, 148 S.W.3d 506, 508 (Tex. App.—El Paso 2004, no pet.). Personal jurisdiction, on the other hand, "concerns the court's power to bind a particular person or party" and "can be conferred by consent or waiver." *CSR Ltd.*, 925 S.W.2d at 594; *Fed. Underwriters Exch.*, 174 S.W.2d at 600; *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (setting out the two elements of personal jurisdiction: (1) the defendant must be amenable to the court's jurisdiction, and (2) the plaintiff must invoke that jurisdiction by valid service of process).

Government Code chapter 29, which concerns municipal courts generally, provides such courts with "exclusive original jurisdiction within the municipality's territorial limits and property owned by the municipality located in the municipality's extraterritorial jurisdiction in all criminal cases that" arise under municipal ordinances and that are punishable by a fine not to exceed a certain amount. TEX. GOV'T CODE ANN. § 29.003(a) (Vernon Supp. 2008); *accord* TEX. CODE CRIM. PROC. ANN. art. 4.14(a) (Vernon 2005); *cf.* TEX. GOV'T CODE ANN. § 30.00005(a) (Vernon Supp. 2008) (stating that a municipal court of record "has the jurisdiction provided by general law for municipal courts"). A municipal court also has "concurrent jurisdiction with the justice court of a precinct in which the municipality is located" in certain other criminal cases "arising under state law that arise within the municipality's territorial limits or property owned by the municipality located in the municipality's extraterritorial jurisdiction" and that are punishable by fine and sanctions not consisting of confinement in jail or imprisonment. TEX. GOV'T CODE ANN. § 29.003(b)–(c) (Vernon Supp. 2008); *accord* TEX. CODE CRIM. PROC. ANN. art. 4.14(b) (Vernon 2005); *cf.* TEX. GOV'T CODE ANN. § 30.00005(a) (Vernon Supp. 2008) (stating that a municipal court of record "has the jurisdiction provided by general law for municipal courts"); *id.* § 30.00005(c) (allowing a municipal governing body to provide a municipal court of record with jurisdiction concurrent with a justice court in any precinct in which the municipality is located in certain criminal cases). Nothing in

Government Code chapter 29 authorizes a municipal court to exercise jurisdiction over civil matters. *See generally id.* §§ 29.001–.105 (Vernon 2004 & Supp. 2008).

We now consider a municipal court's jurisdiction under Health and Safety Code sections 822.042(c) and 822.0421(b). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.042(c), .0421(b) (Vernon 2003). Because section 822.042(c) pertains to a compliance hearing by a "municipal court" while section 822.0421(b) pertains to an appeal of a dangerous-dog determination to "a municipal court of competent jurisdiction," we analyze the two statutes separately. *Id.*

## I.  Whether a Municipal Court Has Jurisdiction to Consider Applications Alleging That a Dangerous-Dog Owner has Failed to Comply With Statutory Requirements or to Hear Appeals of an Animal Control Authority's Determination That a Dog is Dangerous

### A.  A municipal court's jurisdiction under Health and Safety Code section 822.042(c)

You first question a municipal court's authority under section 822.042(c) to hear an application that a dangerous-dog owner has failed to comply with section 822.042(a)'s requirements. *See* Request Letter, *supra* note 1, at 3. Section 822.042(c) expressly lists a "municipal court" as a court that may adjudicate an application alleging that a dangerous-dog owner has failed to comply with the statutory requirements set forth in section 822.042(a) or (b). TEX. HEALTH & SAFETY CODE ANN. § 822.042(c) (Vernon 2003); *see also id.* § 822.042(a)–(b) (setting out requirements with which dangerous-dog owner must comply and providing that a dangerous-dog owner who does not comply must deliver the dog to the animal control authority within thirty days). A municipal court that is not a court of record is still a municipal court.[3]

Your question appears to suggest, however, that section 822.042(c) is insufficient by itself to grant to a municipal court jurisdiction over noncriminal compliance hearings. In those instances where a compliance hearing is not a criminal matter, therefore, we understand your question to suggest that a municipal court lacks jurisdiction to adjudicate compliance hearings.[4] *But see* TEX. HEALTH & SAFETY CODE ANN. § 822.045 (Vernon 2003) (stating that a person who fails to comply with section 822.042 commits a criminal offense).

Such a compliance hearing—which is initiated by an "application from any person"—is not criminal in nature. TEX. HEALTH & SAFETY CODE ANN. § 822.042(c) (Vernon 2003); *see Timmons v. Pecorino*, 977 S.W.2d 603, 604–05 (Tex. Crim. App. 1998) (Price, J., concurring in denial of leave to file writ of mandamus); *see also* Tex. Att'y Gen. Op. No. GA-0316 (2005) at 4 (stating that nonconsent-tow hearings "are clearly not criminal matters" because they "are not designed to secure

---

[3]You do not ask whether the term "municipal court" in section 822.042(c) encompasses municipal courts of record. *See generally* Request Letter, *supra* note 1.

[4]For a similar argument regarding section 822.0421(b), see generally Lake Jackson Brief, *supra* note 1.

a conviction and punishment" and are not initiated by a complaint "but . . . by written request from the person whose vehicle has been towed").

For several reasons, we conclude that section 822.042(c) provides a municipal court jurisdiction to conduct dangerous-dog compliance hearings where the court also has territorial and personal jurisdiction. The court's jurisdiction is thus cumulative of the jurisdiction that Government Code chapter 29 provides municipal courts.

First, the Legislature has constitutional authority to create municipal courts and to provide them with jurisdiction. TEX. CONST. art. V, § 1 (vesting judicial power in "such other courts as may be provided by law"). Nothing requires the Legislature to provide jurisdiction only in the acts establishing a particular court. Thus, the jurisdiction of a municipal court can be established in a statute outside of Government Code chapter 29, and the Legislature has, in fact, done so in at least one other instance. *See* TEX. TRANSP. CODE ANN. § 682.011(a) (Vernon Supp. 2008) (authorizing a person whom a hearing officer has determined violated a municipal vehicle parking or stopping ordinance to appeal the determination to a municipal court).

Second, in construing a statute, we must presume that the Legislature intended the entire statute to be effective. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005). "[W]e give effect to all its words and, if possible, do not treat any statutory language as mere surplusage." *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006) (citing *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000)); *see also In re Mo. Pac. R.R.*, 998 S.W.2d 212, 216 (Tex. 1999) (stating that a court does not "lightly presume that the Legislature may have done a useless act"). To conclude that section 822.042(c) does not provide jurisdiction to municipal courts to conduct compliance hearings—when no other statute does so—renders ineffective section 822.042(c)'s express reference to a municipal court. Moreover, section 822.042(c) cannot be said to refer only to municipal courts of record, which may have some civil jurisdiction under Government Code chapter 30 to hear cases regarding the enforcement of "municipal ordinances enacted under Subchapter A, Chapter 214, Local Government Code ['Municipal Regulation of Housing and Other Structures'], or Subchapter E, Chapter 683, Transportation Code ['Junked Vehicles: Public Nuisance; Abatement']." TEX. GOV'T CODE ANN. § 30.00005(d)(1) (Vernon Supp. 2008). Thus, even if a municipal court of record has been granted authority to hear civil cases under Government Code chapter 30, that authority cannot extend to proceedings under Health and Safety Code chapter 822, subchapter D. A municipal court of record consequently has jurisdiction over compliance hearings only if section 822.042(c) supplies it.

And finally, this office suggested in 2005 that chapter 822 provides an "isolated grant[] of authority to municipal courts to conduct hearings for a particular purpose." Tex. Att'y Gen. Op. No. GA-0316 (2005) at 5. Analogously, in 1998 four members of the Texas Court of Criminal Appeals suggested that sections 822.002 and 822.003 of the Health and Safety Code, which authorize "[a] justice court, county court, or municipal court" to order the seizure and destruction of a dog that has caused death or serious bodily injury to a person, "may well confer jurisdiction upon" municipal courts "for this specific type of action." TEX. HEALTH & SAFETY CODE ANN. §§ 822.002(a), .003(d)–(e) (Vernon 2003); *Timmons*, 977 S.W.2d at 604 n.3.

In sum, section 822.042(c) provides a municipal court that is not a court of record with jurisdiction over compliance hearings held under that subsection. Whether a municipal court also has territorial and personal jurisdiction is a question of law that the trial court must resolve in light of the particular facts. *See BMC Software Belgium*, 83 S.W.3d at 794; *LeBlanc v. Kyle*, 28 S.W.3d 99, 100–01 (Tex. App.—Texarkana 2000, pet. denied) (weighing conflicting allegations regarding the defendant's contact with the area over which the court had jurisdiction); *accord C-Loc Retention Sys. v. Hendrix*, 993 S.W.2d 473, 476 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see also* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

**B.     A municipal court's jurisdiction under Health and Safety Code section 822.0421(b)**

We next consider a municipal court's jurisdiction under section 822.0421(b) to hear an appeal of an animal control authority's determination that a particular dog is dangerous. *See* Request Letter, *supra* note 1, at 3. You do not specify whether the animal control authority is a municipal animal control office, a county animal control office, or a county sheriff. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.041(1) (Vernon 2003) (defining "animal control authority"). We assume that you refer to a dangerous-dog determination made by a municipal animal control office under section 822.0421(a). *See id.* § 822.0421(a) (allowing an animal control authority to investigate a report that and to determine whether a particular dog is dangerous).

Section 822.0421(b) allows the owner of a dog that an animal control agency has determined is dangerous to appeal that determination "to a justice, county, or municipal court of competent jurisdiction." *Id.* § 822.0421(b). The Lake Jackson attorney, you indicate, equates the phrase "municipal court of competent jurisdiction" for purposes of Health and Safety Code section 822.0421(b) with a municipal court of record. *See* Request Letter, *supra* note 1, at 1. Texas courts have indicated that a dangerous-dog appeal under section 822.0421(b) is not a criminal proceeding. *See In re Loban*, 243 S.W.3d 827, 830 (Tex. App.—Fort Worth 2008, no pet.) (stating that a municipal court of record's "affirmance" of the municipal animal control officer's dangerous-dog determination "is not a criminal action"); *Timmons*, 977 S.W.2d at 604 (Price, J., concurring in denial of application for writ of mandamus) (stating that a court order under Health and Safety Code sections 822.001–.004 requiring the destruction of a dog causing the death of or serious bodily injury to a person is "in no way . . . considered 'criminal'").

Nothing in chapter 822 defines the term "court of competent jurisdiction" for purposes of section 822.0421(b), but we note that the phrase applies to justice and county courts as well as to municipal courts: "An owner . . . may appeal . . . to a justice, county, or municipal court of competent jurisdiction." TEX. HEALTH & SAFETY CODE ANN. § 822.0421(b) (Vernon 2003). The phrase "'court of competent jurisdiction' . . . usually . . . refer[s] to subject-matter jurisdiction." *Ace Ins. Co. v. Zurich Amer. Ins. Co.*, 59 S.W.3d 424, 428 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)); *see Foreness v. Hexamer*, 971 S.W.2d 525, 529, 531 (Tex. App.—Dallas 1997, pet. denied) (stating that "[a] 'court of competent jurisdiction' is one with subject-matter jurisdiction" to issue a judgment in a case); *State v. Hall*,

829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (for purposes of Code of Criminal Procedure article 12.05, "a court of competent jurisdiction is a court with jurisdiction *to try the case*" (citing *Ex parte Ward*, 560 S.W.2d 660, 664 (Tex. Crim. App. 1978)). As we stated above however, subject-matter jurisdiction has both a subject-matter and a geographic component. *See supra* page 4. And in this case, we believe the phrase "court of competent jurisdiction" in section 822.0421(b) refers to a court with territorial jurisdiction in the matter.[5] This ascribes meaning to the phrase while effectuating the legislative intent, clear from the statute's plain language, to permit municipal courts to consider appeals of dangerous-dog determinations.

In sum, section 822.0421(b) provides a municipal court with jurisdiction over an appeal of a municipal animal control office's dangerous-dog determination. As we stated above, the municipal court also must have territorial jurisdiction. *See supra* page 4.

## II.    Whether a Municipal Court May Refuse to Hear or May Refer an Appeal of a Dangerous-Dog Determination Made Under Section 822.0421(a)

We answer your second and third questions together. You ask second whether, if a dog owner chooses to appeal an animal control authority's determination that the owner's dog is dangerous to the Lake Jackson municipal court, the city may refuse to hear the appeal claiming that it does not have competent jurisdiction. Request Letter, *supra* note 1, at 3. And you ask third whether, once a dog owner files a "notice of appeal [of a dangerous-dog determination] in municipal court," the "city [may] refer the appeal" to a justice court or county court or, conversely, whether the municipal court is obligated to hear the appeal. Request Letter, *supra* note 1, at 3. By "refer," we understand you to ask whether the municipal court may transfer the appeal to a county or justice court.

Given our answer to your first question, we conclude that the municipal court may not, on the grounds of a lack of subject-matter jurisdiction, refuse to hear an appeal of a dangerous-dog determination by a municipal animal control authority if the court has jurisdiction over the relevant territory. *See supra*. A municipal court that has territorial jurisdiction over an appeal filed with the court must hear the appeal. Conversely, a municipal court may determine that it does not have territorial jurisdiction in the matter and may refuse to hear the appeal on that basis.

A municipal court may not, however, transfer a dangerous-dog-determination appeal to a justice or county court. State statutes do not provide for such a transfer.[6] *See generally* TEX.

---

[5]The dog owner, by filing an appeal with the municipal court, would submit to the municipal court's personal jurisdiction. *Cf. Von Briesen, Purtell, & Roper, S.C. v. French*, 78 S.W.3d 570, 575 (Tex. App.—Amarillo 2002, pet. dism'd w.o.j.) (stating that in Texas once a party has filed an answer or otherwise appeared in a case, it is subject to the court's personal jurisdiction).

[6]The appellant in *Allison v. State*, a 2002 decision of the First District Court of Appeals, contended that "a municipal court has no authority to transfer a case to the nearest justice of the peace." *Allison v. State*, 2002 WL 31388717, *2 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (not designated for publication). The court declined

(continued...)

HEALTH & SAFETY CODE ANN. ch. 822, subch. D (Vernon 2003 & Supp. 2008). By comparison, Government Code section 74.121(a) generally authorizes "[t]he judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county [to] transfer cases to and from the dockets of their respective courts." TEX. GOV'T CODE ANN. § 74.121(a) (Vernon 2005). By not including municipal courts, section 74.121(a) suggests that a municipal court may not transfer cases to county or justice courts. In addition, various statutes allow certain municipalities with more than one municipal court to adopt ordinances permitting the transfer of cases between the municipal courts. *See id.* §§ 29.101(d)(2), .102(d)(2), .103(d)(2) (Vernon 2004) (pertaining to a municipality of more than 250,000; a municipality of 130,001 to 285,000; and the City of El Paso). But no statute recognizes a transfer between a municipal court and a county or justice court. Because the Legislature has not provided for the possibility of transferring dangerous-dog-determination appeals between a municipal court and a justice or county court, a municipal court may not transfer the appeal and is obligated to hear it (assuming the court has territorial jurisdiction).

### III. Whether, in Filing an Appeal of a Dangerous-Dog Determination, the Dog Owner May Choose Between Justice Court, County Court, or Municipal Court

Fourth and finally, you ask whether a dog owner may choose to file an appeal of a dangerous-dog determination in a county court, justice court, or municipal court. Request Letter, *supra* note 1, at 3. Or, you ask, must the dog owner file the appeal "at the location as set forth in the dangerous dog determination notice or any other notice of hearing pertaining to a dangerous dog." *Id.* In connection with this question, you have furnished a copy of a "Notice to Owner of Dangerous Dog" form.[7] The Notice, which bears the letterhead of the City of Lake Jackson Police Department, informs a dog owner that the City of Lake Jackson Animal Control Division has investigated an alleged occurrence involving a particular dog and has determined that the dog is dangerous. *See* Notice, *supra* note 8, at 1. The Notice further informs the dog owner that he or she has "15 days from the date of this notice to appeal the determination that you own a dangerous dog to the City of Lake Jackson Municipal Court." *Id.* at 1–2.

Section 822.0421(b) on its face allows a dog owner to appeal a dangerous-dog determination to a county, justice, or municipal court with "competent jurisdiction"—which we have equated with territorial jurisdiction. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.0421(b) (Vernon 2003). A municipality may not, by order of its animal control authority or otherwise, limit the courts to which a dog owner may appeal where the Legislature has provided, without limitation, that more than one court has subject-matter jurisdiction. Rather, the dog owner may choose to file the appeal in any county, justice, or municipal court that has subject-matter, including territorial, jurisdiction.

---

[6](...continued)
to consider the issue because the appellant "failed to support his argument on this issue with legal authority or with references to the record." *Id.* This is the only case we find that mentions the issue.

[7]Facsimile from Brazoria County Criminal District Attorney's Office (May 9, 2008) (on file with the Opinion Committee) [hereinafter "Notice"].

## S U M M A R Y

A municipal court established under Government Code chapter 29 has jurisdiction under Health and Safety Code section 822.042(c) over a compliance application filed under that section if the court also has territorial and personal jurisdiction. Such a municipal court also has jurisdiction under Health and Safety Code section 822.0421(b) over an appeal of a municipal animal control authority's dangerous-dog determination made under section 822.0421(a) if the court also has territorial jurisdiction. The phrase "court of competent jurisdiction" in section 822.0421(b) refers to a court with territorial jurisdiction over the matter.

A municipal court may not, on the grounds of a lack of subject-matter jurisdiction, refuse to hear an appeal of a dangerous-dog determination by a municipal animal control authority if the court has territorial jurisdiction. The court may, however, determine that it does not have territorial jurisdiction. A dog owner may file an appeal of a municipal animal control authority's dangerous-dog determination with any municipal court, justice court, or county court—all of which have jurisdiction under section 822.042(c)—that also has territorial jurisdiction. A municipal court may not transfer a dangerous-dog-determination to a county or justice court and is obligated to hear the appeal. A municipality may not, by order of its animal control authority or otherwise, dictate the court to which a dog owner may appeal a dangerous-dog determination if more than one court has subject-matter, including territorial, jurisdiction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee