# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00299-CV

### In re Linda Pool

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

In this original proceeding, Relator Linda Pool seeks a writ of mandamus to compel Respondent Honorable Eric Shepperd, presiding judge of County Court at Law Number Two of Travis County, to vacate the order denying Pool her requested jury trial in an appeal from the Austin Municipal Court of Record's dangerous dog determination and to grant her request for a jury trial. *See generally* Tex. Health & Safety Code §§ 822.041–.047.  We conditionally grant the writ.

### BACKGROUND

The relevant facts to this original proceeding are undisputed.  On July 7, 2017, Pool was walking her son's dog Pepper, while Mark Hoffman was jogging.  Hoffman alleges that Pepper attacked him, and he reported the incident to the Austin/Travis County Animal Services.  *See id.* §§ 822.0421(a) (providing that if person reports dangerous dog incident, animal control authority may investigate incident); .041(2) (defining "dangerous dog" to include dog that commits outside of enclosure unprovoked acts that cause person to reasonably believe dog will attack and cause bodily injury to that person).

An independent hearing officer conducted a hearing, where Pool and Hoffman submitted sworn testimony and written evidence, and then entered an order determining that Pepper "is a **dangerous dog** as defined under Section 822.041(2) of the Texas Health and Safety Code based upon any acts committed on July 7, 2017." *See id.* § 822.0421(a) (permitting animal control authority to make dangerous dog determination after receiving sworn statements of witnesses). The order also provided that the dog's owner "may appeal the determination of the animal control authority to the City of Austin Municipal Court," which Pool did. *See id.* § 822.0421(b) (providing that dog owner may appeal animal control authority's dangerous dog determination to "justice, county, or municipal court of competent jurisdiction"). Following a hearing—but not a jury trial—the judge of the municipal court entered an order, finding "that the determination of dangerous dog is proper" and that the "determination that Pepper is a dangerous dog stands."

Pool filed a notice of appeal to the county court and requested a jury trial de novo. *See id.* §§ 822.0421(d) ("An owner may appeal the decision of the justice or municipal court in the manner described by Section 822.0424."), .0424(a) ("A party to an appeal under Section 822.0421(d) . . . may appeal the decision . . . and is entitled to a jury trial on request."). In response, the State of Texas filed a Motion to Determine Nature of Appeal and for Scheduling Order, arguing that although section 822.0424(a) provides for a jury trial on request when a party appeals from a justice court or from some municipal courts, when a court is a municipal court of record—as the City of Austin Municipal Court is, *see* Tex. Gov't Code § 30.00731—the Texas Government Code prohibits a trial de novo. *See id.* § 30.00014(b) ("An appeal from the municipal court of record may not be by trial de novo."). The county court, agreeing with the State, entered an order concluding:

the language in Tex. Health & Safety Code § 822.041, "a party to an appeal . . . is entitled to a jury trial on request," clarifies which types of trial are available to appellants already entitled to a trial *de novo* under Tex. Code Crim. Proc. art 44.17 and Tex. Gov't Code § 30.00014. Since those provisions prohibit trials *de novo* in appeals from municipal courts of record, like this case, Appellant is entitled only to a review for errors reflected in the Austin Municipal Court record and not to a jury trial.

Pool filed in this Court a petition for writ of mandamus and an emergency motion to stay. We granted the stay and requested a response from the State, which we have since received.

## STANDARD OF REVIEW

We may issue mandamus to correct a clear abuse of discretion for which the relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. The Texas Supreme Court has noted that the denial of a trial by jury is reviewable on appeal and by mandamus. *Prudential*, 148 S.W.3d at 140 (noting denial of jury trial can be reviewed by ordinary appeal or by mandamus). To determine whether an appellate remedy is "adequate," we inquire into whether "any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. Further, an appeal is an inadequate remedy when a party stands to lose a substantial right. *See Walker*, 827 S.W.2d at 842 (citing *Iley v. Hughes*, 311 S.W.2d 648, 652 (Tex. 1958) (orig. proceeding)).

3

## DISCUSSION

**Abuse of Discretion**

In questions of statutory interpretation, we first look to the language of the text. *Gonzalez v. Guilbot*, 315 S.W.3d 533, 540 (Tex. 2010). "Where text is clear, text is determinative." *Colorado Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)).

The statutory text at issue provides: "[a] party to an appeal under Section 822.0421(d) . . . may appeal the decision . . . and is entitled to a jury trial on request." Tex. Health & Safety Code § 822.0424(a). It is undisputed that Pool is "[a] party to an appeal under Section 822.0421(d)," "may appeal the decision," and timely requested a jury trial. Pool therefore asserts that section 822.0424 "clearly affords Pool a jury trial." We agree.

The State argues that Pool is not entitled to a jury trial because "[a]n appeal from the municipal court of record may not be by trial de novo." Tex. Gov't Code § 30.00014(b). The State claims that "these two statutes can both be given meaning that is not in conflict with one another by construing section 822.0424(a) to permit a jury trial when the dog owner appeals a judgment of a justice court or a non-record municipal court, but not when the dog owner appeals the judgment of a municipal court of record." However, we find no basis in section 822.0424(a)'s text to make this distinction.

Nevertheless, we do find a way of harmonizing these two statutes that remains faithful to the statutory text, although the parties do not address this construction. As relevant here, section 30.00014 provides:

4

(a) A defendant has the right of appeal from a *judgment or conviction* in a municipal court of record. The state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure. . . .

(b) The appellate court shall determine each appeal from a municipal court of record *conviction* and each appeal from the state on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and reporter's record prepared from the proceedings leading to the conviction or appeal. An appeal from the municipal court of record may not be by trial de novo.

Tex. Gov't Code § 30.00014(a)-(b) (emphases added). We have previously held that prior to the legislature's enactment of section 822.0424 in 2015, section 30.00014(a) provided the right to appeal from a municipal court of record's dangerous dog determination, even though "the 'dangerous dog' determination of the municipal court is a civil judgment rather than a criminal conviction."[1] *See Wrencher v. State*, No. 03-15-00438-CV, 2017 WL 2628068, at *1–2 (Tex. App.—Austin June 16, 2017, no pet.) (mem. op.) (citing *Timmons v. Pecorino*, 977 S.W.2d 603, 605 (Tex. Crim. App. 1998) (Price, J., concurring)). We grounded this decision by noting that the right to appeal from "a judgment *or* a conviction" as stated in subsection (a) encompasses "two classes of judicial decisions" and that the word "'conviction' almost universally refers to a judicial decision in a criminal matter, whereas 'judgment' commonly refers to a judicial decision in a civil case." *Id.*

---

[1] To the extent the county court relied on article 44.17 of the Texas Code of Criminal Procedure to limit Pool's entitlement to a jury trial on request, the court abused its discretion because the Texas Code of Criminal Procedure does not apply to an appeal from a civil judgment, like a municipal court's dangerous dog determination. *Compare* Tex. Code Crim. Proc. art. 44.17 ("An appeal to the county court from a municipal court of record may be based only on errors reflected in the record."), *with id.* art. 1.02 ("The procedure herein prescribed shall govern all criminal proceedings[.]"); *see Baxter v. Texas Dep't of Human Res.*, 678 S.W.2d 265, 267 (Tex. App.—Austin 1984, no writ) (holding that "the Code of Criminal Procedure applies only to criminal actions" and is therefore "inapplicable to the present case" because "this is a civil action").

Applying this same logic, we conclude here that although subsection (a) grants the right to appeal from a municipal court of record judgment, subsection (b) does not apply to such an appeal. While subsection (a) discusses an appeal from a "judgment or conviction," subsection (b) concerns only an appeal from a "municipal court of record conviction," without mentioning judgment. *Compare* Tex. Gov't Code § 30.00014(a), *with id.* § 30.00014(b); *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439, 441 (Tex. 2011) ("We presume that the legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Because Pool's appeal is from a judgment, not a conviction, we hold that section 30.00014(b) of the Texas Government Code does not limit Pool's entitlement to a jury trial on request.[2] Accordingly, the county court abused its discretion in failing to apply the law entitling Pool to a jury trial on request, *see* Tex. Health & Safety Code § 822.0424(a), and in denying Pool's timely requested jury trial, *see Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex. 1968) ("[N]either the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it."); *In re Vaughan*, No. 12-14-00006-CV, 2014 WL 4637969, at *3 (Tex. App.—Tyler Sept. 17, 2014, orig. proceeding) (mem. op.) ("[A] trial

---

[2] Our conclusion is further supported by the fact that even if section 822.0424(a) of the Texas Health & Safety Code could not be harmonized with section 30.00014(b) of the Texas Government Code, section 822.0424(a) would prevail as the more recent and specific statute. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000) (recognizing "the traditional statutory construction principle that the more specific statute controls over the more general"); *see also* Tex. Gov't Code § 311.026(b) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.").

6

court abuses its discretion by dispensing with a jury trial that has been properly demanded without the assent of the party who demanded it.").

**Inadequate Remedy**

As discussed above, the legislature has expressly provided the right to a jury trial in dangerous dog determination appeals, and it is undisputed Pool timely took the appropriate steps to preserve that right. *See* Tex. Health & Safety Code § 822.0424(a). "Denial of a jury trial, when a right to one is clearly shown, can be addressed both by appeal and mandamus." *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (citing *Prudential*, 148 S.W.3d at 139; *In re Samford*, 249 S.W.3d 761, 763 (Tex. App.—Texarkana 2008, orig. proceeding)). However, the denial of a jury request is not reviewable by interlocutory appeal. *See Campbell v. State*, No. 14-02-01183-CV, 2002 WL 31719016, at *1 (Tex. App.—Houston [14th Dist.] Dec. 5, 2002, no pet.) (mem. op.) (not designated for publication) ("An interlocutory appeal from an order denying a jury trial is not expressly provided for by statute. Therefore, this Court is without jurisdiction over these appeals.").

The Texas Supreme Court has recognized that review by mandamus "is justified only when parties stand to lose their substantial rights." *Walker*, 827 S.W.2d at 842 (quoting *Iley*, 311 S.W.2d at 652). Our sister courts have held that a right to a jury trial constitutes a "substantial right," and that "because [the relator] stands to lose a substantial right [right to a jury trial], [the relator] does not have an adequate remedy by appeal." *In re Lesiker*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (citing *Rosenthal v. Ottis*, 865 S.W.2d 525, 529

7

(Tex. App.—Corpus Christi 1993, orig. proceeding)); *see In re Baker*, 495 S.W.3d 393, 397 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

Moreover, the Texas Supreme Court has expressly denied that a party is relegated to "its appellate remedy when denied its constitutional right to a jury trial," claiming this premise is simply "not true." *Prudential*, 148 S.W.3d at 140. And the reasons to conduct mandamus review over the denial of the jury trial in this case are manifold. "[R]equiring relator to try their case without a jury would effectively render the trial a certain nullity on appeal." *State v. Landry*, 793 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding). Mandamus review would "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Prudential*, 148 S.W.3d at 136; *see Reiter*, 404 S.W.3d at 611 (noting that appellate remedy would be inadequate because "both parties would be required to endure a [bench] trial and its attendant expenses for naught" (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 466 (Tex. 2008) (orig. proceeding)). Finally, "[t]o say that the [county court] committed reversible error while declining to correct the injustice would compromise the integrity of the [] statute and result in an irreversible waste of resources." *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 263 (Tex. 2008) (orig. proceeding) (holding no adequate appellate remedy exists for violation of statutory venue procedure).

As the Texas Supreme Court put it, "[w]e simply [can] not justify putting the civil justice system itself to the trouble of grinding through proceedings that were certain to be 'little more than a fiction'" when "the error [is] clear enough, and correction simple enough, that mandamus review [would be] appropriate." *Prudential*, 148 S.W.3d at 137. We conclude that the benefits to

mandamus review in this case outweigh any of the detriments. *See id.* at 136. Following our sister courts, we therefore hold that, on this record, Pool has no adequate appellate relief from the denial of her right to a jury trial. *See, e.g.*, *Vaughan*, 2014 WL 4637969, at *3; *In re Alaniz*, No. 13-13-00291-CV, 2013 WL 3895360, at *1, 4 (Tex. App.—Corpus Christi July 23, 2013, orig. proceeding) (mem. op.); *Lesiker*, 285 S.W.3d at 587; *Rosenthal*, 865 S.W.2d at 529; *Landry*, 793 S.W.2d at 284.

## CONCLUSION

For these reasons, we conditionally grant the petition for writ of mandamus. We direct Respondent to vacate the order denying Pool her requested jury trial in an appeal and to grant her request for a jury trial. We are confident that Respondent will promptly comply with this opinion. The writ will issue only if Respondent fails to do so.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Baker

Filed:   January 23, 2019

9